UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR FRAUD INVESTIGATION | ML No: 23-1456 |

*Reference:*   DOJ Ref. # CRM-182-75732

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Courtney E. Lee, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Portugal.  In support of this application, the United States asserts:

RELEVANT FACTS

1.	The Central Authority of Portugal, the Prosecutor-General's Office, International Cooperation Department, submitted a request for assistance (Request) to the United States, pursuant to the principles of comity and reciprocity.

2.	As stated in the Request, the Attorney's Office of the District of Santarem, Department of Investigation and Penal Action in Portugal, is investigating (an) unknown suspect(s) for fraud which occurred on or about September 2019, in violation of the criminal law

of Portugal, specifically, articles 217 and 218 of the Portuguese Penal Code. Although the United States has no treaty obligation to assist Portugal, it generally does so as a matter of comity.

3. According to Portuguese authorities, (an) unknown suspect(s) accessed, without authorization, e-mail communications between the Victim Company in Portugal (Victim Company), and one of the Victim Company's suppliers (Italian Company). The Victim Company had a business relationship with the Italian supply company and routinely exchanged invoice payment information via email.

4. On or about September 19, 2019, the Victim Company received an email message allegedly from the Italian Company directing payment to a new bank account, namely SunTrust Bank account number XXXXX8417, located in the United States. SunTrust Bank does business today as Truist Bank and is located in the United States. On or about September 20, 2019, believing that it was making a payment to the Italian Company, Victim Company transferred payment of 31,262 EUR (approximately 34,398 USD) to the SunTrust bank account number provided.

5. After communication between the Victim Company and Italian Company, in which the companies uncovered that the suspect(s) had utilized an e-mail account very similar to the Italian Company's actual representative to facilitate the fraud, Victim Company reported the offense to Portuguese authorities.

6. To further the investigation, Portuguese authorities have asked U.S. authorities to obtain bank records pertaining to Truist Bank (formerly SunTrust Bank) account number XXXXX48417, and to interview the account holder(s) if identified.

LEGAL BACKGROUND

7. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*          \*          \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*          \*          \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[1] This section provides clear authority for the federal courts, upon application duly

---

[1] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 ("commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a

3

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

9. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[2] has reviewed and authorized the request and executes the request itself or delegates execution to another attorney for the government.[3] Upon such a duly authorized application, Section 3512 authorizes a federal judge[4] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

---

more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[2] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[3] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA." Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[4] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

10. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or to produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or to produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

11. The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512. In addition, the Request was submitted by an appropriate "foreign authority," the Prosecutor-General's Office, International Cooperation Department, the designated Central Authority in Portugal, and seeks assistance in the investigation of fraud – a criminal offense in Portugal. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interview(s), falls squarely within that contemplated by Section 3512. Finally, this application was properly filed in the District of Columbia.

12. This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

13.     When executing a foreign request for assistance in a criminal matter, Section 3512 authorizes the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of a foreign request pursuant to Section 3512 likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner's subpoena.

14.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Courtney E. Lee, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: _____
        Courtney E. Lee
        Trial Attorney
        D.C. Bar Number 249279
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W.
        Washington, D.C. 20530
        (202) 305-6761
        Courtney.Lee2@usdoj.gov